1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAMODAR CHANDRA-DAS,

Plaintiff,

v.

DANNY SAMUELS, *et al.*,

Defendants.

Case No. 2:23-cv-03829-FLA (SHK)

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

## I.     RELEVANT BACKGROUND

On October 21, 2023, Plaintiff Damodar Chandra-Das ("Plaintiff"), proceeding *pro se*, constructively filed[1] a Second Amended Complaint ("SAC"), alleging civil rights violations under 42 U.S.C. § 1983 ("§ 1983") against various defendants ("Defendants").  Dkt. 26 ("SAC").

On April 18, 2024, the court dismissed Plaintiff's SAC with leave to amend. Dkt. 27.  In that order, Plaintiff was granted until May 9, 2024, to file a Third Amended Complaint ("TAC") and was warned that, "**if Plaintiff does not timely**

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

1 **file a TAC, the Court will recommend that this action be dismissed with or**

2 **without prejudice for failure to state a claim, failure to prosecute, and/or**

3 **failure to obey Court orders under Rule 41(b).**" *Id.* at 15–16 (emphasis in

4 original).

5       On May 17, 2024, Plaintiff filed a Motion for Extension of Time ("EOT") to

6 file a TAC ("Motion").  Dkt. 28 ("Mot.").  On June 3, 2024, the court granted

7 Plaintiff's Motion, resulting in a TAC filing deadline of June 30, 2024.  Dkt. 29 at

8 1.  Plaintiff has not filed a TAC as ordered or otherwise participated in this

9 litigation.

10                 **II.     DISCUSSION**

11       District courts have *sua sponte* authority to dismiss actions for failure to

12 prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v.*

13 *Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Hells Canyon Pres. Council v.*

14 *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss

15 *sua sponte* an action under Rule 41(b) for a plaintiff's failure to prosecute or

16 comply with the Federal Rules of Civil Procedure or the court's orders); *Ferdik v.*

17 *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to

18 comply with court orders).

19       In deciding whether to dismiss for failure to prosecute or comply with court

20 orders, a district court must consider five factors: "(1) the public's interest in

21 expeditious resolution of litigation; (2) the court's need to manage its docket;

22 (3) the risk of prejudice to the defendants; (4) the public policy favoring

23 disposition of cases on their merits; and (5) the availability of less drastic

24 sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also*

25 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five

26 factors as in *Henderson*).  "Dismissal is appropriate 'where at least four factors

27 support dismissal, or where at least three factors 'strongly' support dismissal.'"

28 *Neal v. Reslan*, Case No. 19-cv-09291-PA (ASx), 2020 WL 754366, at *1 (C.D.

1   Cal. Jan. 16, 2020) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th

2   Cir. 1998).  In a case involving *sua sponte* dismissal, however, the fifth *Henderson*

3   factor regarding the availability of less drastic sanctions warrants special focus.

4   *Hernandez*, 138 F.3d at 399.

5           Here, the first two factors—public interest in expeditious resolution of

6   litigation and the court's need to manage its docket—weigh in favor of dismissal.

7   Despite an extension of time being granted and Plaintiff being warned that the case

8   would be dismissed if a TAC was not timely filed, Plaintiff has failed to timely file

9   a TAC.  Plaintiff's failure to prosecute and follow court orders hinders the court's

10   ability to move this case toward disposition and suggests Plaintiff does not intend

11   to litigate this action diligently.

12           The third factor—prejudice to defendants—also weighs in favor of

13   dismissal.  A rebuttable presumption of prejudice to a defendant arises when a

14   plaintiff unreasonably delays prosecution of an action.  *See In re Eisen*, 31 F.3d

15   1447, 1452–53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered

16   any excuse for failing to comply with the court's order and this factor, thus, also

17   favors dismissal.

18           The fourth factor—public policy in favor of deciding cases on the merits—

19   ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to

20   move litigation towards disposition at a reasonable pace and to avoid dilatory and

21   evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).

22   Plaintiff has not met this responsibility despite having been: (1) instructed on his

23   responsibilities; (2) granted sufficient time in which to discharge them; and

24   (3) warned of the consequences of failure to do so.  Under these circumstances,

25   though this factor usually favors a plaintiff, it does not outweigh Plaintiff's failure

26   to obey court orders or to file documents within the time granted.

27           The fifth factor—availability of less drastic sanctions—also weighs in favor

28   of dismissal.  The court cannot move the case toward disposition without

1    Plaintiff's compliance with court orders and participation in this litigation.

2    Plaintiff, however, has shown he is either unwilling or unable to comply with court

3    orders by failing to file timely responsive documents or to cooperate otherwise in

4    prosecuting this action.  The court already granted Plaintiff a continuance at his

5    request and, thus, is not aware of any lesser sanction that is available at this time.

6    *See Henderson*, 779 F.2d at 1424 ("The district court need not exhaust every

7    sanction short of dismissal before finally dismissing a case but must explore

8    possible and meaningful alternatives.").

9        Accordingly, because it appears Plaintiff has abandoned this litigation, and

10   because Plaintiff has violated court orders, the court DISMISSES the action

11   without prejudice.

### III.   ORDER

13       Based on the foregoing, IT IS ORDERED THAT judgment be entered

14   DISMISSING this action without prejudice.

16       IT IS SO ORDERED.

18   Dated: August 5, 2024

19                                          FERNANDO L. AENLLE-ROCHA
                                            United States District Judge

4